UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Save Lake Superior Association and                    Civil No. 07-3557 (PAM/JSM)
Sierra Club,

                    Plaintiffs,

v.                                                                              **ORDER**

Northshore Mining Company,

                    Defendant.

_____

This matter is before the Court on Plaintiffs' Motion to Lift the Stay.  In September 2007, the Court granted Defendant Northshore Mining Company's Motion to Stay the matter, pending resolution of Defendant's Motions in the related case of <u>United States, et al. v. Reserve Mining Company, et al.</u>, Civ. No. 5:72-19.  The Court has disposed of the pending Motions in the related case, and Plaintiffs now argue that the Court should lift the stay in this matter to allow them to pursue their claims.  Northshore opposes the Motion.

This lawsuit seeks to enforce the "control city" standard in Northshore's air quality permits.  According to Plaintiffs, testing has revealed that the ambient air surrounding Northshore's Silver Bay taconite plant contains more asbestos and asbestos-like fibers than the ambient air in the "control city" of St. Paul.  Plaintiffs request damages (payable to the United States treasury), as well as attorney's fees and costs, for the alleged violations of Northshore's permit pursuant to the citizen-suit enforcement provisions of the Environmental Protection Act, 42 U.S.C. § 7604(a).

The Court granted a stay because the Motions in the related case sought to clarify or strike down the "control city" standard contained in a 1975 injunction.  <u>See</u> <u>Reserve Mining Co. v. Envtl. Prot. Agency</u>, 514 F.2d 492, 538-39 (8th Cir. 1975).  In resolving the Motions, however, the Court determined that the "control city" standard was a viable and independent state administrative standard and no longer a court-imposed standard.  Thus, the Court denied the Motion to Clarify and determined that the 1975 injunction was moot.  <u>United States v. Northshore Mining Co.</u>, Civ. No. 72-19, 2007 WL 4563418, at *4-*5 (D. Minn. Dec. 21, 2007) (Magnuson, J.).

Northshore contends that the stay should remain in place because the Minnesota Court of Appeals is poised to consider Northshore's attempt to amend its permits to remove the "control city" standard.  Plaintiffs assert that, unless and until the state courts or the Minnesota Pollution Control Agency ("MPCA") remove the "control city" standard from Northshore's permit, Northshore is obligated to comply with that standard and Plaintiffs may seek to enforce the standard.

Once again, the Court would prefer that the parties come to an agreement on an efficient and expeditious way to present this dispute for resolution.  However, given that the parties appear unable to agree to a logical presentation of the issues to the state courts and to this Court, the Court is bound to allow Plaintiffs' claims to go forward.  The resolution of the Minnesota Court of Appeals case could take months, and there is no guarantee that that court's order will absolve Northshore of its obligations to comply with the terms in its permit.  Under federal law, Plaintiffs are entitled to enforce those obligations.  There is no

good or just reason for delaying this lawsuit further.

Accordingly, for the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Lift the Stay (Docket No. 29) is **GRANTED** and the stay entered Sept. 24, 2007 (Docket No. 27), is **LIFTED**.


Dated: February 11, 2008

_s/Paul A. Magnuson_
Paul A. Magnuson
United States District Court Judge